UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MELISSA BARKER an individual, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-00987-TWP-MJD |
| KAPSCH TRAFFICCOM USA, INC., GILA, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| MONIQUE OUTZEN individually and on behalf of all others similarly situated, ROBERT ARDAIOLO individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:20-cv-01286-TWP-MJD |
| KAPSCH TRAFFICCOM USA, INC., GILA, LLC, | ) ) ) | |
| Defendants. | ) | |

**ORDER CONSOLIDATING CASES**

Noting that these cases "appear to involve common questions involving Plaintiffs' putative class action allegations claiming that Defendants unlawfully issued administrative fees and/or penalties to drivers crossing the Riverlink toll bridges" and that "[c]entral to both cases is whether Defendants issued subsequent notices to drivers without first providing the statutorily-

required First Notice of Toll," the Court ordered the parties to show cause why these actions should not be consolidated pursuant to Rule 42(a).

The parties have now filed their responses to the Order to Show Cause. Plaintiff is in favor of the consolidation. Defendants object to the consolidation, noting that the *Outzen* case asserts legal theories that are not asserted in the *Barker* case and seeks certification of broader classes. However, Defendants do not articulate why these differences militate against consolidation, noting only that additional discovery will be required. Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions if they "involve a common question of law or fact." Consolidation is permitted as a matter of convenience and economy for both parties and the Court. *Hall v. Hall*, 138 S. Ct. 1118, 1126 (2018). "The decision whether to consolidate is in the district court's sound discretion." *Baron v. Angie's List, Inc.*, 2014 WL 12755050, at *1 (S.D. Ind. June 16, 2014) (citing *Star Ins. Co. v. Risk Mktg. Grp., Inc.*, 561 F.3d 656, 660 (7th Cir. 2009)). The Court finds that the indisputable judicial economy that will result from consolidating these two cases clearly outweighs the fact that an additional period of discovery will be required to address the new claims. Accordingly, the *Barker* and *Outzen* cases shall be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a), and the Court hereby orders as follows:

1. The Clerk is directed to **consolidate** Cause No. 1:19-cv-00987-TWP-MJD **into** 1:20-cv-01286-TWP-MJD, and to **close** 1:19-cv-00987-TWP-MJD. No final judgment shall issue in 1:19-cv-00987-TWP-MJD.

2. All future filings shall bear the Cause No. 1:20-cv-01286-TWP-MJD, and the new consolidated caption shall be as set forth below.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONIQUE OUTZEN individually and on behalf of all others similarly situated, ROBERT ARDAIOLO individually and on behalf of all others similarly situated, MELISSA BARKER an individual, on behalf of herself and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>KAPSCH TRAFFICCOM USA, INC., GILA, LLC, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) No. 1:20-cv-01286-TWP-MJD ) ) ) ) ) |

3. The Clerk is directed to update the short title of the consolidated action as *Outzen, et al. v. Kapsch Trafficcomm USA, Inc., et al.*

4. Any appearance of counsel entered on behalf of any plaintiff or defendant in 1:19-cv-00987-TWP-MJD shall remain effective in the consolidated action.

5. Plaintiff's motion for class certification [Dkt. 122 in 1:19-cv-00987-TWP-MJD] is **DENIED** without prejudice. A revised deadline for class certification motions will be set in the consolidated case.

6. On or before **September 4, 2020**, the parties shall supplement their Fed. R. Civ. P. 26 initial disclosures and shall serve supplemental responses to all previously served discovery in either case in light of the expanded scope of the claims in the consolidated case. All prior responses to discovery conducted in either case shall be deemed to have been conducted and shall be usable in the consolidated case.

7.  The Clerk is directed to docket the Stipulated Protective Order [Dkt. 34 in 1:19-cv-00987-TWP-MJD] and Motion to Maintain Document Under Seal [Dkt. 254 in 1:19-cv-00987-TWP-MJD] in 1:20-cv-01286-TWP-MJD. The deadline for responding to the motion to seal is hereby enlarged to **August 21, 2020**.

8.  Plaintiff's Third Motion to Compel [Dkt. 252 in 1:19-cv-00987-TWP-MJD] is **DENIED** without prejudice to its resubmission, if necessary, following the supplementation of the parties' discovery responses discussed above.

This matter is scheduled for a telephonic pretrial conference on **Thursday, August 13, 2020 at 11:00 a.m. (Eastern)** to discuss case status and to establish revised deadlines in the consolidated case. Counsel shall attend the status conference by calling the designated telephone number, to be provided by the Court via email generated by the Court's ECF system.

SO ORDERED.

Dated:  29 JUL 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.