UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONIQUE OUTZEN, ROBERT ARDAIOLO, and MELISSA BARKER, <br><br> Plaintiffs, <br><br> v. <br><br> KAPSCH TRAFFICCOM USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:20-cv-01286-TWP-MJD |

## ORDER ON DEFENDANT'S RULE 72 OBJECTION

This matter is before the Court on Defendant Kapsch Trafficcom USA, Inc.'s ("Kapsch") Rule 72 Objection to the Magistrate Judge's Sanctions Order ([Filing No. 177](#)). For the reasons stated below, the Court **overrules** Kapsch's Objection.

### I.  PROCEDURAL BACKGROUND

Plaintiffs Monique Outzen, Robert Ardaiolo, and Melissa Barker (collectively, "Plaintiffs") initiated this action against Kapsch and co-defendant Gila, LLC (collectively, "Defendants"), asserting putative class action allegations that Defendants unlawfully issued administrative fees and/or penalties to drivers crossing the RiverLink toll bridges that connect Southern Indiana and Northern Kentucky. Central to the case is whether Defendants issued subsequent notices to drivers without first providing the statutorily-required First Notice of Toll or whether they provided late notice. The case initially was brought as two separate actions—*Melissa Barker v. Kapsch Trafficcom USA, Inc. and Gila, LLC*, Case Number 1:19-cv-00987-TWP-MJD (the "*Barker* case"); and *Monique Outzen and Robert Ardaiolo v. Kapsch Trafficcom USA, Inc. and Gila, LLC*, Case Number 1:20-cv-01286-TWP-MJD—but was later consolidated as one action under Case Number

1:20-cv-01286-TWP-MJD on July 29, 2020 (Filing No. 44). The Defendants jointly filed a motion to dismiss, which the Court denied (Filing No. 115).

The parties have engaged in significant discovery and discovery disputes. They have filed with the Court numerous discovery status reports, and the Magistrate Judge has conducted numerous discovery conferences with the parties. Prior to consolidation of the cases, in May 2020 in the *Barker* case, a motion to compel was filed against Kapsch, and the Magistrate Judge granted[1] that motion on July 1, 2020, ordering responses by July 31, 2020 (Dkt. 248).[2] After consolidation of the cases, on March 16, 2021, the Plaintiffs filed a Motion to Compel and for Sanctions Against Defendant Kapsch (Filing No. 117), and the Motion was referred to the Magistrate Judge for a decision. On August 19, 2021, the Magistrate Judge compelled Kapsch to respond to discovery and awarded a sanction of attorney fees, directing Plaintiffs to file a motion for attorney fees (Filing No. 168). Kapsch then filed the Rule 72 Objection (Filing No. 177) that is before the Court, objecting only to the imposition of sanctions.

## II. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[1] One request in the motion to compel was mooted by Kapsch's agreement at the hearing on the motion to supplement its interrogatory responses the day after the hearing (Dkt. 248 at 13).

[2] Citation references to "Dkt." refer to filings under Case Number 1:19-cv-00987-TWP-MJD.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly differential, permitting reversal of the magistrate judge's ruling only when "the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong," and the court will not modify a magistrate judge's non-dispositive, pretrial decision "simply because [it has] doubts about its wisdom or think[s] [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, 2016 U.S. Dist. LEXIS 13377, at *3 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

### III. DISCUSSION

On March 16, 2021, the Plaintiffs filed a Motion to Compel and for Sanctions Against Defendant Kapsch (Filing No. 117), asking that Kapsch be compelled to produce complete and unequivocal responses to interrogatories and requests for production of documents and that Kapsch be sanctioned for its discovery misconduct. The Motion to Compel and for Sanctions was fully briefed by the parties and referred to the Magistrate Judge for decision. On August 19, 2021, the Magistrate Judge issued an Order. (Filing No. 168.) While the Magistrate Judge agreed with Kapsch concerning some of its arguments about discovery responses, he nonetheless granted the Motion and ordered Kapsch to supplement its privilege log, to supplement its interrogatory responses with sufficient and detailed answers, and to ensure that the Plaintiffs could fully access a database of documents that contains voluminous data. The Magistrate Judge determined that the more severe sanctions of default judgment, privilege waiver, and striking affirmative defenses

were not warranted, but an award of attorney fees was an appropriate sanction, and he directed the Plaintiffs to file a motion for attorney fees.

On September 2, 2021, Kapsch timely filed a Rule 72 Objection to the Magistrate Judge's Sanction Order (Filing No. 177). The bulk of Kapsch's objection repeats the factual history and arguments it presented in its response brief opposing the Motion to Compel and for Sanctions, which was largely rejected by the Magistrate Judge. Kapsch employs a similar approach that it advanced in its opposition to the Motion to Compel and for Sanctions where it points the finger at the Plaintiffs for requesting time-consuming discovery and attributes much of its discovery shortcomings on the Plaintiffs; the Magistrate Judge viewed this approach as "unfortunate." (Filing No. 168 at 27.) Kapsch portrays the Magistrate Judge's Sanctions Order as largely providing a win to Kapsch and denying the requests of the Plaintiffs. Kapsch's only objection to the Magistrate Judge's Order is to the imposition of a sanction of attorney fees. Kapsch argues, "The magistrate judge effectively punished Kapsch for seeking to remedy the very concerns with the September 2020 production that Plaintiffs raised when Kapsch's current counsel first appeared." (Filing No. 177 at 11.)

Specifically, Kapsch asserts,

> The magistrate judge cited two sources of authority for his sanctions order: Federal Rule of Civil Procedure 37(a)(5)(A) and Federal Rule of Civil Procedure 37(b)(2)(C). (Dkt. 168 at 28.) Sanctions under Rule 37(a)(5)(A) are limited to the movant's reasonable expenses in making the motion—and even that award "must not" be ordered if the other party's nondisclosure was substantially justified or if an award would be unjust. But that rule applies only if a motion to compel is granted in full. If the motion is granted only in part, Rule 37(a)(5)(C) applies. That rule requires no sanction. And if a sanction is awarded under that rule, it contemplates apportioning costs between the parties based on the degree to which each succeeded.
>
> Sanctions under the second rule the magistrate judge cited, Rule 37(b)(2)(C), are limited to reasonable expenses caused by a party's disobedience of

4

a court order. Such an award likewise should be withheld if the failure was substantially justified or if the award would be unjust.

*Id.* at 12.

Kapsch then argues,

> The sanctions order—tacked onto the end of an order on a motion to compel that resolved nearly every issue in Kapsch's favor—amounts to clear error for three reasons. First, it applied the wrong rule. Rule 37(a)(5)(A) applies only when a motion to compel is granted in whole. Second, it misapplied Rule 37(b)(2)(C) by imposing an unjust sanction. Third, even if some sanction had been appropriate here, the sanction ordered by the magistrate judge is far greater than permitted by the two rules the magistrate relied on.

*Id.* at 13.

Kapsch argues that Rule 37(a)(5)(A) does not apply because the Order on the Motion to Compel and for Sanctions rejected a number of the requests made by the Plaintiffs, and, therefore, the Motion was denied in part. Kapsch asserts that where a motion to compel is granted in part and denied in part, a fee award may be issued under Rule 37(a)(5)(C), but the Magistrate Judge did not rely on that Rule or analyze the issue under that Rule. Kapsch contends that it did not act in bad faith, its actions were substantially justified, and a fee award would be unjust; thus, the Magistrate Judge's Sanctions Order is erroneous and contrary to law.

Kapsch next argues that the Magistrate Judge failed to mention or analyze the relevant factors when determining a fee award sanction was appropriate under Rule 37(b)(2)(C). Kapsch explains that courts are guided by several factors in deciding whether to impose sanctions under Rule 37(b)(2)(C): "(1) the offending party's culpability, (2) the prejudice or surprise to the party against whom the evidence is offered, (3) the ability of the party to cure the prejudice, and (4) the likelihood of disruption to the trial." *Nat. Pack, Inc. v. Syndicate Sales, Inc.*, 2021 WL 1225936, at *3 (S.D. Ind. Mar. 31, 2021). Therefore, the Magistrate Judge's failure to mention or analyze these factors before imposing a sanction was clear error. In any event, Kapsch asserts, if a

sanctions award was warranted, the four-part attorney fees sanction is disproportional and not justified under the circumstances.

The Court is not persuaded by these arguments. The *Natural Pack* case, upon which Kapsch relies for its argument about the Rule 37(b)(2)(C) factors, relied upon the Seventh Circuit's opinion in *David v. Caterpillar, Inc.*, which explained, the "district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." 324 F.3d 851, 857 (7th Cir. 2003). Furthermore, Kapsch acknowledges that

> **there are no specific factors that a court must analyze to impose sanctions under Rule 37**, [but] courts generally consider the egregiousness of the conduct by evaluating the frequency and magnitude of the party's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit.

([Filing No. 177 at 12](#)–13 (quoting *Britt Interactive LLC v. A3 Media LLC*, 2018 WL 1165861, *3 (S.D. Ind. Mar. 5, 2018)) (emphasis added)).

In its argument, Kapsch removes from the equation the July 1, 2020 *Barker* discovery Order (Dkt. 248 in Case Number 1:19-cv-00987-TWP-MJD) to focus solely on the August 19, 2021 Sanctions Order. However, ignoring the *Barker* discovery Order is improper. That discovery Order is part of this consolidated case, and that Order pertains to the discovery disputes that have beleaguered this case. It is clear that the Magistrate Judge considered the *Barker* discovery Order is his analysis and that the imposition of a sanction was based upon Kapsch's failure to comply with that discovery Order and Kapsch's continuing failure to fully respond to discovery. It was entirely appropriate for the Magistrate Judge to include the *Barker* discovery Order in his analysis.

The Magistrate Judge's Sanctions Order sufficiently and correctly explained Kapsch's discovery failures and the reasoning for a sanction:

> While Kapsch's conduct has fallen far short of what the Court expects from litigants, Plaintiffs have failed to support their request for the sanctions of entry of default and/or the striking of affirmative defenses.
>
> That said, however, given Kapsch's indisputable failure to comply with the *Barker* Order and its failure to respond to Plaintiffs' second set of discovery requests in a timely manner, Plaintiffs are entitled to an award of attorney's fees that encompasses all of their efforts to obtain discovery from Kapsch. *See* Fed. R. Civ. P. 37(a)(5)(A) (governing fee awards when motion to compel is granted); Fed. R. Civ. P. 37(b)(2)(C) (governing fee award when party fails to obey a discovery order).

([Filing No. 168 at 28](Filing No. 168 at 28).)

> In addition to the issues addressed above, the overarching issue raised in the instant motion is simply that Kapsch has failed to completely respond to discovery requests that were served on April 4, 2019—over two years ago—and January 16, 2021—over seven months ago. Kapsch was ordered to serve complete and unequivocal supplemental responses to Plaintiffs' first set of discovery requests by September 4, 2020; there is no question that it did not do so.

*Id.* at 26. "[T]here is no question at this point that Kapsch has wholly failed to comply with its obligation to respond to discovery in a timely manner." *Id.* at 16.

The Magistrate Judge further explained,

> Plaintiffs' frustration with the slow pace of Kapsch's discovery efforts is palpable . . . . The Court shares that frustration, and is frankly disappointed by the generally cavalier attitude toward its discovery obligations evidenced in Kapsch's briefs. Kapsch's choice to go on the offensive and accuse Plaintiffs of "myopically" focusing on the September production and "fixating" on "irrelevant minutiae," [Dkt. 150 at 1], in the face of Kapsch's extraordinary delay in completing its document production, is unfortunate. The vast breadth of Plaintiffs' requests, the parties' discussions regarding what search terms should be used, and the change of counsel explain some of the delay. However, as the Court expressed to Kapsch during a status conference, Kapsch's failure to complete its production is due in large part to a simple failure to devote sufficient resources to the task. That ends now.

*Id.* at 26–27 (internal footnote omitted).

The Court notes that the Magistrate Judge's application of Rule 37(a)(5)(A) was appropriate. The July 1, 2020 *Barker* discovery Order was granted in full with only one request being deemed moot because Kapsch agreed at the hearing on the motion to supplement its

interrogatory responses the day after the hearing. Rule 37(a)(5)(A) applies "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed . . . ." Rule 37(b)(2)(C) also applies because Kapsch has failed to comply with the Court's discovery Orders. The Court further notes that Kapsch's current arguments concerning "substantial justification for discovery failures" and "an award of expenses is unjust" are more appropriately raised and addressed in the context of a motion for attorney fees rather than in this Rule 72 Objection where the Court concludes such arguments are premature. Kapsch has failed to convince the Court that the Magistrate Judge committed clear error in the Sanctions Order that would warrant setting aside or modifying that Order.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Kapsch Trafficcom USA, Inc.'s Rule 72 Objection to the Magistrate Judge's Sanctions Order (Filing No. 177) is **OVERRULED**.

**SO ORDERED.**

Date: 7/11/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.com

Jonathon Noyes
WILSON KEHOE & WININGHAM
JNoyes@wkw.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com

Vivek Randle Hadley
TAFT STETTINIUS & HOLLISTER LLP
vhadley@taftlaw.com

Manuel Herceg
TAFT STETTINIUS & HOLLISTER LLP
mherceg@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Steven T. Henke
TAFT STETTINIUS & HOLLISTER LLP
shenke@taftlaw.com

Nadine McSpadden
TAFT STETTINIUS & HOLLISTER LLP
nmcspadden@taftlaw.com

Neil Peluchette
TAFT STETTINIUS & HOLLISTER LLP
npeluchette@taftlaw.com