UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONIQUE OUTZEN, ROBERT ARDAIOLO, and MELISSA BARKER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:20-cv-01286-TWP-MJD ) |
| KAPSCH TRAFFICCOM USA, INC., | ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION,
MOTION TO SUPPLEMENT EVIDENCE, AND MOTION FOR ORAL ARGUMENT**

This matter is before the Court on a Motion to Reconsider Entry on Amended Motion for Class Certification and Alternative Motion to Amend Proposed Class Definitions ("Motion for Reconsideration") (Filing No. 189), filed by Plaintiffs Monique Outzen, Robert Ardaiolo, and Melissa Barker (collectively, "Plaintiffs"). The Plaintiffs have also filed a Motion for Hearing on Plaintiffs' Motion to Reconsider ("Motion for Oral Argument") (Filing No. 203), and a Motion for Leave to Supplement Designation of Evidence in Support of Plaintiffs' Motion to Reconsider ("Motion to Supplement Evidence") (Filing No. 303). For the reasons stated below, the Court **grants** the Plaintiffs' Motion to Supplement Evidence but **denies** their Motion for Reconsideration and Motion for Oral Argument.

## I.   BACKGROUND

The Plaintiffs initiated this action against Defendants Kapsch Trafficcom USA, Inc. ("Kapsch") and Gila, LLC ("Gila") (collectively, "Defendants"), asserting putative class action allegations that Defendants unlawfully issued administrative fees and/or penalties to drivers crossing the RiverLink toll bridges that connect Indiana and Kentucky. Central to the case is

whether Defendants issued subsequent notices to drivers without first providing the statutorily-required First Notice of Toll or whether they provided late notice. The case initially was brought as two separate actions—*Melissa Barker v. Kapsch Trafficcom USA, Inc. and Gila, LLC*, Case Number 1:19-cv-00987-TWP-MJD, and *Monique Outzen and Robert Ardaiolo v. Kapsch Trafficcom USA, Inc. and Gila, LLC*, Case Number 1:20-cv-01286-TWP-MJD—but was later consolidated as one action under Case Number 1:20-cv-01286-TWP-MJD on July 29, 2020 (Filing No. 44).

In their Complaint, the Plaintiff's assert claims for unjust enrichment (Count I), money had and received (Count II), fraud (Count III), violation of the Indiana Deceptive Consumer Sales Act (Count IV), deception or intentional misrepresentation (Count V), negligence (including negligent misrepresentation and negligence *per se*) (Count VI), constructive fraud (Count VII), and breach of fiduciary duty (Count VIII) (Filing No. 1-2 at 15-23). The Defendants jointly filed a motion to dismiss, which the Court denied (Filing No. 115).

Prior to the Court issuing its Order denying the motion to dismiss, but after the parties had fully briefed their Motion, the Plaintiffs filed an Amended Motion for Class Certification (Filing No. 77).[1] Plaintiffs filed an opening brief, reply brief, and numerous exhibits in support of their Amended Motion for Class Certification. Defendants filed a response brief, exhibits, and supplemental authority in opposition to the Amended Motion for Class Certification. On September 29, 2021, the Court issued its Order denying the Plaintiffs' Amended Motion for Class Certification (Filing No. 186). The Plaintiffs then filed the instant Motion for Reconsideration (Filing No. 189).

---

[1] The original motion to certify class (Filing No. 47) was dismissed as moot after the Amended Motion for Class Certification was filed (*see* Filing No. 95).

## II.  LEGAL STANDARD

Motions to reconsider filed pursuant to Federal Rule of Civil Procedure 54(b) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* (citation omitted).

A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Additionally, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted).

> Motion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments,

3

issues, or facts that could and should have been presented earlier." *Id.* "The district court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (internal citation and quotation marks omitted).

Because this is a putative class action, the Court balances the above standard with Rule 23(c)(1)(C), which states, "[a]n order that grants or denies class certification may be altered or amended before final judgment." "[A] district court has broad discretion to determine whether certification of a class is appropriate." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Under Rule 23(c)(1)(C), the Court retains authority to modify or vacate a class certification at any time prior to final judgment. "[T]he district court has the power at any time before final judgment to revoke or alter class certification if it appears that the suit cannot proceed consistent with Rule 23's requirements." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). However, courts are generally reluctant to reconsider and modify previous orders, even in the class certification context, in part because of the law-of-the-case doctrine and to avoid costly delays to the proceedings. 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 7:35 (6th ed.).

### III.   DISCUSSION

In their Amended Motion for Class Certification, the Plaintiffs asked the Court to certify a "Damages Class" consisting of "[a]ll individuals and entities who paid administrative fees, violation fees, collections fees, and/or penalties arising from use of the Riverlink Connect Tolling System using Unregistered Video Accounts." (Filing No. 77 at 1.) They also asked the Court to

4

certify a "Damages Subclass" consisting of "[a]ll individuals and entities who paid administrative fees, violation fees, collections fees, and/or penalties for failure to timely pay a Toll Notice that was never printed and mailed by Defendant." *Id.* Finally, the Plaintiffs asked the Court to certify an "Issue Class," as follows:

> As to all individuals and entities who are assessed administrative fees, violation fees, collections fees, and/or penalties arising from their use of the Riverlink Connect Tolling System using Unregistered Video Accounts, whether Defendants may lawfully assess administrative fees, violation fees, collections fees, and/or penalties against UVA Customers when Defendants (1) set the 1st Toll Notice due date for less than thirty-five (35) days after the date of the notice's generation; and/or (2) failed to mail the requisite prior notice to the UVA Customer as described in the Business Rules.

*Id.* at 1–2.

In its Entry on Plaintiffs' Amended Motion for Class Certification, ([Filing No. 186](#)) the Court concluded that class certification was not appropriate and denied the Motion. The Court explained to the parties that, in order to obtain certification, the party seeking class certification bears the burden of proof in establishing each of the requirements under Federal Rule of Civil Procedure 23, and the failure to satisfy any one of the elements precludes certification. *Id.* at 5 (citing *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993); *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90 (7th Cir. 1977)). The Court determined that class certification was not warranted because the Plaintiffs could not satisfy the requirement of Rule 23(b)(3) "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Because individual questions would predominate and because ascertainability was lacking, the Court denied class certification of the proposed "Damage Class", the "Damage Subclass and the "Issue Class." *Id*.

In their pending Motion for Reconsideration, the Plaintiffs assert,

> From reading the Court's Order, it appears that there may be a misunderstanding of Plaintiffs' case theory. Plaintiffs do *not* concede Defendants may assess fees or penalties 35 days following the generation of a notice. Plaintiffs have provided evidence Defendants cannot assess any fees or penalties against any class member at any time unless they first fully comply with the Business Rules' notice and timing requirements.

(Filing No. 192 at 4–5 (emphasis in original).)  They also contend, "Plaintiffs' case theory is materially different than the Court originally understood and Plaintiffs have additional evidence allowing them to easily identify subclass members. Therefore, Plaintiffs respectfully move this Court to reconsider its Order." *Id.* at 7.  Based on the Plaintiffs' belief that the Court misunderstood their case theory, they argue that, because any assessment of any fees or penalties is illegal without first complying with the Business Rules, the Court's concerns with predominance and ascertainability are vitiated, and class certification is appropriate.  In support of their Motion for Reconsideration, the Plaintiffs advance arguments similar to those that they presented to support their Amended Motion for Class Certification as well as additional exhibits.

Regarding the Plaintiffs' contention that the Court misunderstood the Plaintiffs' case theory, the Court assures the Plaintiffs that their contention is incorrect, and the Court understands their case theory.  The Plaintiffs assume a misunderstanding based upon one sentence taken in isolation out of the Court's 33-page Order. The Plaintiffs' isolated quotation notes, "The Court understood Plaintiffs to concede 'Defendants can[] assess at least initial fees and/or penalties thirty-five days following the generation of a notice.' (Dkt. #186 at 24)." (Filing No. 192 at 4.) The Plaintiffs' isolated quotation is found in this paragraph from the Court's Order:

> Under Plaintiffs' theory of the case, "each 1st Toll Notice [must] include a 'Due Date' of thirty-five (35) days after the date on which the notice is generated." (*See* Filing No. 100 at 11.) Under this theory, then, no injury could befall individuals who paid their first fee or penalty thirty-five days *after* notice generation. In other words, Plaintiffs do not seem to contend that Defendants cannot assess at least initial fees and/or penalties thirty-five days following the generation of a notice, so how could individuals paying their first fees and/or penalties after

6

> that window suffer injury? And as this case involves escalating fees and penalties cascading from the first "due date," this Damages Class, as structured, is overly inclusive and too broad to be limited to only those who suffered harm. How are the parties and the Court to, on a class-wide basis, discern who was actually harmed without minutiae overrunning the case?

(Filing No. 186 at 24.)

Looking at the Court's Order in its entirety shows that the Court understood the Plaintiffs' arguments and case theory. Some examples include:

> Plaintiffs reply that Damages Class members were each harmed by Defendants' failure to comply with the Business Rules' requirements, which govern Defendants' operations. In fact, since Defendants do not follow the Business Rules in their dealings with Class Members[,] . . . Defendants' fees are unlawful, creating a *prima facie* case in tort and equity.

(Filing No. 186 at 19–20 (quoting Plaintiffs' reply brief).)

> Plaintiffs' legal claims apply to the entire Class when they seek to hold Defendants accountable for their illegal imposition of fines, and their associated deceptive acts – fines and deceptive acts that were uniformly imposed on and affected all Class Members.

(Filing No. 186 at 14 (quoting Plaintiffs' opening brief).)

> Plaintiffs, like all putative class members, did not receive a 1st Toll Notice that allowed them thirty (30) days to pay the toll before being assessed a fee or penalty, and Defendants set the due date for twenty-nine days from the generation of the Notice.

(Filing No. 186 at 14 (quoting Plaintiffs' opening brief).)

> Defendants did not follow this protocol, and instead have consistently mailed 1st Toll Notices with a due date of 30 days after the invoice date, which is earlier than contemplated by the Business Rules (35 days after generation date).

(Filing No. 186 at 4 (citing Plaintiffs' evidence).)

> Plaintiffs maintain that certification is appropriate because Defendants used tolling software parameters and deceptive form letters to [convince Damages] Class Members to pay unlawful fees while misrepresenting to those [Damages] Class Members that the fees were owed under Indiana law.

([Filing No. 186 at 18](#) (quoting Plaintiffs' opening brief).)

>Plaintiffs' evidence is the same as all Class Members' evidence; Defendants' system parameters, database information, and templated mailings prove all Class Members' claims.

([Filing No. 186 at 15](#) (quoting Plaintiffs' opening brief).)

>While Defendants contend that the Damages Class is overinclusive by including individuals who timely paid their tolls, [a]ll Damages Class Members suffered injuries by paying Defendants improper fees since Riverlink customers who pay within thirty (30) days of the 'Invoice Date' are not assessed fees.

([Filing No. 186 at 20](#) (quoting Plaintiffs' reply brief).)

>Plaintiffs reply that attacks on the Damages Class are misplaced when this class applies only to those UVA Customers who paid fees, not to those who were only assessed fees.

([Filing No. 186 at 23](#) (quoting Plaintiffs' reply brief).)

The Court understood the Plaintiffs' case theory that fees and penalties cannot be assessed without first complying with the Business Rules, and the Court also understood that the Plaintiffs defined their Damages Class and Damages Subclass based on fees and/or penalties being paid, not simply being assessed. The Plaintiffs' mistaken belief that the Court misunderstood their case theory does not warrant reconsidering the class certification Order. Furthermore, the arguments advanced by the Plaintiffs in their Motion for Reconsideration and their additional exhibits do not affect the Court's previous certification analysis and conclusion that individualized questions predominate over common questions thereby making class certification inappropriate.

The Plaintiffs alternatively request that they be permitted to amend their class definitions to be,

>**Damages Class:** All individuals and entities who paid administrative fees, violation fees, collections fees, and/or penalties arising from use of the Riverlink Connect Tolling System using Unregistered Video Accounts.

| | |
|---|---|
| **Damages Subclass 1:** | All individuals and entities who paid administrative fees, violation fees, collections fees, and/or penalties for failure to timely pay a Toll Notice that (1) is not identified in a Printed/Mailed 'Confirmation' report; or (2) is identified in a 'Reject' report. |
| **Damages Subclass 2:** | All individuals and entities who paid administrative fees, violation fees, collections fees, and/or penalties arising from use of the Riverlink Connect Tolling System using Unregistered Video Accounts before the greater of (1) 35 days after their 1st Toll Notice was generated; or (2) 30 days after the 1st Toll Notice was mailed. |
| **Issue Class:** | As to all individuals and entities who are assessed administrative fees, violation fees, collections fees, and/or penalties arising from their use of the Riverlink Connect Tolling System using Unregistered Video Accounts, whether Defendants may lawfully assess administrative fees, violation fees, collections fees, and/or penalties against UVA Customers when Defendants (1) set the 1st Toll Notice due date for less than thirty-five (35) days after the date of the notice's generation; and/or (2) failed to mail the requisite prior notice to the UVA Customer as described in the Business Rules. |

(Filing No. 189 at 3–4.) However, these proposed amended class definitions still suffer from the problem of individualized questions predominating over common questions, so the Court **denies** the Plaintiffs' alternative request to amend the class definitions.

On May 2, 2022, approximately six months after the Motion for Reconsideration was fully briefed, the Plaintiffs filed their Motion to Supplement Evidence (Filing No. 303), asking to supplement the evidence for the Motion for Reconsideration to include expert deposition excerpts, an expert report, and curriculum vitae. The Court **grants** the Motion to Supplement Evidence, and the Court considered that filing and its response and reply when considering the Motion for Reconsideration.

After the Plaintiffs filed their reply brief in support of their Motion for Reconsideration, the Plaintiffs also filed a Motion for Oral Argument on the Motion for Reconsideration (Filing No. 203). The Court determines that the parties' briefing was sufficient to address the issues, and there

is no need for oral argument on the Motion for Reconsideration, so the Motion for Oral Argument is **denied**.

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Reconsideration (Filing No. 189) is **DENIED**. The Plaintiffs' claims will not proceed on a class-wide basis. The Plaintiffs' Motion for Oral Argument (Filing No. 203) also is **DENIED**. The Plaintiffs' Motion to Supplement Evidence (Filing No. 303) is **GRANTED**, and the Court considered that filing and its response and reply when considering the Motion for Reconsideration.

**SO ORDERED.**

Date:   9/15/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.com

Jonathon Noyes
WILSON KEHOE & WININGHAM
JNoyes@wkw.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com

Vivek Randle Hadley
TAFT STETTINIUS & HOLLISTER LLP
vhadley@taftlaw.com

Manuel Herceg
TAFT STETTINIUS & HOLLISTER LLP
mherceg@taftlaw.com

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP
jdawson@taftlaw.com

Steven T. Henke
TAFT STETTINIUS & HOLLISTER LLP
shenke@taftlaw.com

Nadine McSpadden
TAFT STETTINIUS & HOLLISTER LLP
nmcspadden@taftlaw.com

Neil Peluchette
TAFT STETTINIUS & HOLLISTER LLP
npeluchette@taftlaw.com