UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONIQUE OUTZEN, et al., )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>KAPSCH TRAFFICCOM USA, INC., )<br>  )<br>Defendant. ) | No. 1:20-cv-01286-TWP-MJD |

**ORDER ON MOTION FOR AWARD OF ATTORNEYS' FEES**

This matter is before the Court on Plaintiffs' Motion for Award of Attorneys' Fees. [Dkt. 331.] Plaintiffs seek a total of $203,920.00 in fees relating to their efforts to obtain discovery from Defendant Kapsch Trafficcom USA, Inc. ("Kapsch") and $13,550 for litigating the instant fee motion. For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

The instant motion was filed in response to the Court's Order on Motion to Compel and For Sanctions, [Dkt. 168]. The Court will not rehash Kapsch's failure to comply with its discovery obligations, which are set forth in detail in that Order. Suffice it to say that the Court determined that that failure entitled Plaintiffs

> to an award of attorney's fees that encompasses all of their efforts to obtain discovery from Kapsch. See Fed. R. Civ. P. 37(a)(5)(A) (governing fee awards when motion to compel is granted); Fed. R. Civ. P. 37(b)(2)(C) (governing fee award when party fails to obey a discovery order). This includes the briefing of Plaintiffs' motion to compel in the Barker Action, the briefing of the instant motion, and all of the time Plaintiffs' counsel spent on meet-and-confer efforts

with Kapsch from September 4, 2020, through the date of this Order.  It also includes all of the time Plaintiffs' counsel spent reviewing Kapsch's initial large document production that was made in September 2020.

[Dkt. 168 at 28]; *see also* [Dkt. 327 (Chief Judge Pratt's Order on Defendant's Rule 72 Objection).]  Plaintiffs have now filed their fee motion.

## II.  Discussion

Because the Court already has determined that an award of fees is appropriate, the only issue that remains is what the amount of the award should be.   In order to determine the appropriate amount of a fee award, the Court must apply the "lodestar" method, which requires the Court to multiply a reasonable hourly rate by the number of hours reasonably expended by the successful party in litigating the motion.  *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016) ("Our case law provides that the 'starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'") (quoting *Divane v. Krull Elec. Co.,* 319 F.3d 307, 317-18 (7th Cir. 2003)).  District courts have a great deal of discretion with regard to assessing the reasonableness of the hours expended by counsel.  See *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007) ("'If ever there were a case for reviewing the determinations of a trial court under a highly deferential version of the "abuse of discretion" standard, it is in the matter of determining the reasonableness of the time spent by a lawyer on a particular task in a litigation in that court.'") (quoting *Ustrak v. Fairman,* 851 F.2d 983, 987 (7th Cir. 1988)).  For the second half of the lodestar calculation, "[t]he reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. 'The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'"  *Id.* (citations omitted).  "The burden of proving the

market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Id.* (citation omitted).

### A. Initial Fee Request

As noted above, Plaintiffs seek fees in the amount of $203,920.00, which includes 250.8 hours billed by attorney Jacob Cox at $650.00 per hour, *see* [Dkts. 331-1 & 331-2] and 81.8 hours[1] billed by attorney Jon Noyes at $500 per hour, *see* [Dkts. 331-3 & 331-4]. Chief Judge Pratt already has found these hourly rates to be reasonable, *see* [Dkt. 324 at 11-12], and Kapsch does not dispute their reasonableness in response to the instant motion.

With regard to the number of hours expended by counsel, the Court is extremely familiar with the discovery disputes at issue. Having carefully reviewed the billing records submitted by Plaintiffs' counsel, the Court finds the time expended on each task to be reasonable. Kapsch, however, disputes the reasonableness of the number of hours billed, and argues that Plaintiffs should be awarded only half of what they request. The Court therefore will address each of Kapsch's arguments.

### 1. Hours Spent on Document Review

First, Kapsch argues that the 120.5 hours spent by Cox reviewing Kapsch's initial document production in September 2020 was unreasonable. Kapsch argues that the task of reviewing the documents should have been delegated to Noyes, whose hourly rate was lower. While it is certainly true that failing to delegate certain tasks to less expensive attorneys (or even

---

[1] Noyes' Declaration contains a scrivener's error. It states that the hours he billed total 83.8; they actually total 81.8. The total amount sought for his work, $40,900.00, is correct.

staff members, where appropriate) can justify a reduction in a fee request, *see, e.g., Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001), the Court does not find it unreasonable under the circumstances of this case for Cox to have conducted the review himself. As Plaintiffs explain,

> Attorney Cox was the attorney who, due to the division of labor previously agreed to and undertaken by Plaintiffs' counsel, was the most familiar with the factual issues and documents produced by Defendants and non-parties at the time Plaintiffs received the "data dump" production. Indeed, he was the only attorney who had reviewed each and every document in **all** of the prior productions by Gila, Kapsch, and various non-parties, and had also taken all prior depositions and was planning to take (and then did take) additional depositions later in the case. Simply put, Attorney Cox had the best knowledge of the factual issues and minutiae in this factually dense and complicated case, and was thus best able to determine what was (and was not) relevant or potentially relevant.
>
> This knowledge, when combined with the "data dump" nature of Kapsch's production that ensured an efficient document review would require a reviewer with "needle in haystack" knowledge and abilities, made Attorney Cox not only the best choice for determining what relevant documents had (and had not) been produced, but also the most efficient at searching and reviewing the "data dump." His familiarity with the factual nuances of the case made him better able to cull the chaff from the wheat. Attorney Noyes would have taken longer to conduct the review, and would have necessarily required input and consultation from Attorney Cox in doing so, and any other contract type of review would have resulted in either an ineffective review (which would be unacceptable) or one that not only took longer but cost more.

[Dkt. 345 at 3-4 (emphasis in original) (footnotes omitted).] The Court finds this explanation for having Cox rather than Noyes review the millions of pages produced by Kapsch to be reasonable, as is the number of hours spent by Cox conducting the review.

Kapsch also argues that "document review was necessary regardless of the discovery dispute" and that "[t]o tie the review in its entirety to the dispute is excessive and unreasonable." [Dkt. 344 at 3.] This argument is without merit, in that the Court has already determined that this time is properly included in the fee award. *See* [Dkt. 168 at 28]. In addition, it ignores the

fact that the document review in question was **not** necessary, inasmuch as it was rendered obsolete by Kapsch's "redo" of its document production after new counsel appeared for Kapsch, which necessitated a "redo" of Plaintiffs' counsel's review of Kapsch's documents.

### 2. *Hours Spent on Briefs*

Next, Kapsch argues that the hours Plaintiffs' counsel spent drafting various briefs are "excessive, redundant, and unreasonable." [Dkt. 344 at 4.] Plaintiffs billed the following:

- 17.1 hours drafting Plaintiffs' initial motion to compel, [1:19-cv-0987-TWP-MJD, Dkt. 210, 211]
- 16.3 hours drafting the reply in support of that motion, [1:19-cv-0987-TWP-MJD, Dkt. 227]
- 41.4 hours drafting Plaintiffs' second motion to compel, [Dkt. 117, 118]
- 31.2 hours drafting the reply in support of that motion, [Dkt. 129]
- 28 hours drafting the response to Kapsch's Rule 72 Objection, [Dkt. 182]

Kapsch notes that the legal issues addressed in the briefs were not complex and that much of the briefs were devoted to setting out facts. While that may be true, the lengthy fact sections were necessary to the Court's understanding of the parties' disputes, and the evolution of those disputes was highly relevant to the Court's consideration of the proper resolution of the motions and the proper sanction for Kapsch's failure to fulfill its discovery obligations. In other words, Plaintiffs did not pad their briefs with facts. While Plaintiffs' counsel could likely have been more efficient—which is virtually always the case, as no case is perfectly litigated—that is not the standard; the standard is reasonableness, and the Court does not find the hours billed for these briefs to be unreasonable. Further, the Court does not find the fact that both Cox and Noyes

worked on the various briefs to be improper, given that the total amount of time spent on each brief was not unreasonable.

### 3. Hours Spent Conferring

The Court further rejects Kapsch's argument that the time billed by Noyes and Cox for conferring with one another is duplicative and therefore improper. While such time certainly can constitute overbilling and be unreasonable under some circumstances, some time conferring between co-counsel in a case is appropriate, and even necessary. Here, such entries consist of fewer than five hours over a year's time. The Court finds those entries to be reasonable.

### 4. Request for Fifty Percent Reduction

Inasmuch as the Court has not found the number of hours billed by Plaintiffs to be unreasonable, it follows that Kapsch's suggestion that the requested fees should be reduced by fifty percent is entirely without merit. Further, even if the Court had found some of the entries in the billing records to be unreasonable, a wholesale reduction would not be appropriate in this case.

> The district court must . . . provide a concise but clear explanation of its reasons" for any reduction. In other words, the court cannot simply eyeball the fee request and cut it down by an arbitrary percentage because it seemed excessive to the court.

*Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (internal citations and quotation marks omitted). Here, given the relatively small number of time entries (slightly over 200), the burden of reviewing each entry for reasonableness would not justify making a percentage reduction instead of simply excising or reducing specific unreasonable entries. Further, the records in this case do not contain the kind of vague entries that have led courts to resort to a percentage reduction. *See, e.g.*, *Harper v. City of Chicago Heights*, 223 F.3d

6

593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage.") (citations omitted).

### B. Fees for Litigating Fees

In their opening brief, Plaintiffs state their intention to seek additional fees to account for "those amounts incurred in bringing this motion." [Dkt. 331 at 11.] In its response, Kapsch makes the following, somewhat bizarre argument:

> Counsel for Plaintiffs indicated that "Plaintiffs will include a supplement to their attorney time along with the filing of their Reply that will include time incurred in briefing this Motion and responding to the Response that Kapsch files." (ECF #331, p. 7 n.4.) This is a request for "fees-for-fees," which are potentially compensable but "must be judged reasonable by the factfinder." *Nevins v. Med-1 Sols., LLC*, No. 1:18-cv-763-JMS-MPB, 2018 U.S. Dist. LEXIS 180579, at *13 (S.D. Ind. Oct. 22, 2018). To that end, courts often reduce fees-for-fees by a percentage. *Axis*, 2022 U.S. Dist. LEXIS 58150, at *20-21 (collecting cases).
>
> Should the Court decide to reduce the overall fees by a percentage as requested by Kapsch, Kapsch would ask that any request for "fees-on-fees" be reduced by the same percentage.

[Dkt. 344 at 9.] Even if the Court had reduced Plaintiffs' fee award by a percentage, that would not justify an automatic reduction of any fees sought for litigating the fee motion. Rather, any such fee request must be judged on its own reasonableness.

As promised, in their reply brief, Plaintiffs' counsel set forth the hours they spent litigating the instant motion. They seek an additional $13,550, which represents 17 hours of

7

work by Cox and 5 hours of work by Noyes.[2] The Court finds these hours to be reasonable, and therefore awards Plaintiffs these fees as well.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Award of Attorneys' Fees, [Dkt. 331], and awards Plaintiffs fees in the amount of $217,470 ($203,920.00 for the original fee award, plus $13,550 for litigating the instant fee motion).

SO ORDERED.

Dated:  23 FEB 2023

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

[2] The Court notes that the case cited by Kapsch, *Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs., Inc.*, 2022 WL 950604, at *8 (N.D. Ind. Mar. 30, 2022), stands for the proposition that a "fees-for-fees" request generally should not exceed 25% of the fees awarded for the discovery dispute itself.  Here, the amount sought for litigating the fee request is less than seven percent of the original fee request.